UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:97-CR-46 |
| | § | |
| ZACHARY UYLESSES JOHNSON | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed May 24, 2006, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I. The Original Conviction and Sentence**

Defendant was sentenced on September 5, 1997, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of possession with intent to distribute a controlled substance, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline

imprisonment range, based on a total offense level of 29 and a criminal history category of III, was 108 to 135 months. Defendant was subsequently sentenced to 116 months imprisonment followed with five years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare; obtain his GED; and a $100 special assessment.

## II. The Period of Supervision

On December 14, 2005, defendant completed his period of imprisonment and began service of the supervision term. On April 4, 2006, defendant's conditions were modified to include 180 days Community Corrections Center placement and assessed 40 hours community service.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on May 24, 2006. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Standard Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |
| Standard Condition No. 5: | Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons. |

|  |  |
|---|---|
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer. |
| Special Condition: | Defendant shall reside in and participate in the community corrections component of a Community Corrections Center, as instructed, until successfully discharged by the center director, but no longer than 180 days from admission.  Defendant shall abide by all rules and regulations of the center and be required to pay subsistence. |

As grounds, the petition alleges that on or about January 25, 2006, defendant submitted an urine specimen that tested positive for opiates; that on or about February 10, 2006, defendant submitted an urine specimen that tested positive for morphine; and that on or about March 9, 2006, defendant refused to submit a urine specimen as instructed during a schedule office visit.  Defendant has also failed to secure employment since his release and on May 13, 2006, defendant left the Liedel Comprehensive Sanction Center without authorization and was unsuccessfully terminated from the program on May 16, 2006.

### IV.  Proceedings

On June 6, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a special condition of supervised release by failing to abide by all rules and regulations of the Liedel Comprehensive Sanction Center. In exchange for defendant's plea of "true," the court should find defendant guilty of committing a Grade C violation, revoke defendant's supervised release and impose nine (9) months imprisonment, with no further supervision thereafter. Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to abide by all rules and regulations of the Liedel Comprehensive Sanction Center. The court announced that this violation is a Grade C violation, with policy guidelines suggesting 5 to 11 months imprisonment.

### V. Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release

supervision. The original offense of conviction was a Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is three years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a condition of supervision by failing to abide by all rules and regulations of the Liedel Comprehensive Sanction Center, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

    4.       Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

    5.       The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

### VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to an alleged violation of a special condition of supervised release by failing to abide by all rules and regulations of the Liedel Comprehensive Sanction Center. Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this special condition of supervision in the manner alleged in the petition. Defendant's violation is a Grade C violation with policy guidelines suggesting 5 to 11 months imprisonment upon revocation.

**<u>Conclusion:</u>**

Defendant has demonstrated inability to adhere to a condition of his supervision. Defendant did not comply with a special condition of his supervision. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated a condition of supervised release by failing to abide by all rules and regulations of the Community Corrections Center, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked.

3. Defendant should be sentenced to a term of imprisonment of nine (9) months, with no further supervision thereafter.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __8__ day of June, 2006.

_____
Earl S. Hines
United States Magistrate Judge